IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VICKY JONES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CIVIL ACTION NO.: 03: 05-cv-0420-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Comes now the defendant, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits the following brief in support of the Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment.

**I.   STATEMENT OF FACTS**

**A)   Prior Proceedings in this Court, Civil Action # 3:03-cv-00959-DRB.**

Plaintiff originally filed a lawsuit arising from the automobile accident that is the subject of the instant action in the Circuit Court of Lee County, Alabama on July 25, 2003, naming James Funk and sixteen (16) other unidentified Defendants. On September 17, 2003, Leura G. Canary, United States Attorney for the Middle District of Alabama certified pursuant to 28 U.S.C. § 2679, that Mr. Funk was acting within the line and scope of his employment as a member of the United States Army at the time of the events giving rise to the cause of action against him. In accord with 28 U.S.C. § 1442(a)(2), the United

States filed for removal of this action from the Circuit Court of Lee County, Alabama, to the District Court of the United States for the Middle District of Alabama.[1]  Once removed the United States, pursuant to 28 U.S.C. § 2679, filed its Notice of Substitution in this Court.  Therein, the United States substituted itself for the named Defendant, Mr. James Funk and the matter was docketed in this Court under # 3:03-cv-00959-DRB.[2]

The defendant filed a Motion to Dismiss on October 17, 2003,[3] asserting the Court lacked subject matter jurisdiction due to the Plaintiff's failure to exhaust her administrative remedies prior to filing suit.  The Plaintiff consented to the entry of dismissal without prejudice on November 7, 2003.[4]  The case was dismissed without prejudice on November 12, 2003.[5]

**B)   Proceedings Following Dismissal of Civil Action # 3:03-cv-00959-DRB.**

Following the dismissal of the complaint in Civil Action # 3:03-cv-00959-DRB, a representative of the defendant, Ms. Pamela Patterson, contacted Plaintiff's counsel to advise him of the particulars of the administrative process.[6]  Thereafter, Plaintiff's

---

[1]   Civil Docket for Case # 3:03-cv-00959-DRB, entry # 1.

[2]   Civil Docket for Case # 3:03-cv-00959-DRB, entry # 2.

[3]   Civil Docket for Case # 3:03-cv-00959-DRB, entry # 5.

[4]   Civil Docket for Case # 3:03-cv-00959-DRB, entry # 8.

[5]   Civil Docket for Case # 3:03-cv-00959-DRB, entries ## 9 & 10.

[6]   Complaint, p. 2.

counsel received the necessary forms from the Department of the Army.[7]  Counsel for Plaintiff forwarded the forms to the Plaintiff on January 21, 2004.[8]

Counsel for the Plaintiff avers that he received the completed form from the Plaintiff and forwarded same to the Department of the Army.[9]  The Defendant asserts that it did not receive a completed claims form until September 1, 2004.  The Department of the Army therefore denied the Plaintiff's claim as it was not timely filed within 2 years following the accrual of the cause of action.[10]

## II.  ARGUMENTS AND CITATIONS OF AUTHORITY

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.[11]**

*1.  The United States is immune from suit except as it has consented to be sued.*

The United States, as sovereign, is immune from suit except as it consents to be sued.  The terms of its consent define the parameters of a federal court's jurisdiction to entertain suits brought against it.  FDIC v. Meyer, 510 U.S. 471 (1994); United States v.

---

[7]   Id.

[8]   Id.

[9]   Id.

[10]   Defendant's Exhibit 1 (DEX 1), letter dated November 8, 2004, from Randy T. Kirkvold, to Richard F. Horsley, RE: Federal Tort Claim - Jones, Vicky (05-241-T001).

[11]   To the degree the Plaintiff's Complaint may be attempting to recover damages for the Department of the Army's denial of her administrative complaint, said claim, if actionable, is subject to dismissal for failure to state a claim if the Court determines that Plaintiff failed to timely file her administrative complaint.

S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984); United States v. Mitchell, 463 U.S. 206, 212 (1983); United States v. Kubrick, 444 U.S. 111, 117-118 (1979); Dalehite v. United States, 346 U.S. 15, 17 (1953). A waiver of sovereign immunity cannot be implied, but must be construed strictly in favor of the government and not enlarged beyond the statutory language authorizing it. Sovereign immunity not only protects the United States from liability, it deprives the court of subject matter jurisdiction over the claims against it. Mitchell, 463 U.S. at 212; Molinar v. United States, 515 F.2d 246 (5th Cir. 1976).

> 2. ***This Court lacks jurisdiction over Plaintiff's claims brought pursuant to the FTCA, because 28 U.S.C. § 2401, requires administrative claims to be presented to the appropriate Federal agency within 2 years after the claim accrues.***

"'The FTCA is a specific, congressional exception to the general rule of sovereign immunity [that] allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1236 (11th Cir. 2002), *quoting*, Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir.1994). Title 28, United States Code, § 2401(b) states, however, that a claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ." The limitations period of § 2401(b) represents "the balance struck by Congress in the context of tort claims against the Government," which courts "are not free to construe . . . so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims."

Phillips v. U.S., 260 F.3d 1316, 1318 (11th Cir. 2001), *quoting*, United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  Therefore, in construing the FTCA's statute of limitations, courts "should not take it upon [them]selves to extend the waiver beyond that which Congress intended." Id.  The failure to timely initiate action under the FTCA as required by 28 U.S.C. §2401(b) is a jurisdictional defect not subject to waiver.  Maahs v. United States, 840 F.2d 863, 866 (11th Cir. 1988) (The Eleventh Circuit discussing the two year presentation requirement of 28 U.S.C. §2401(b) stated "under the FTCA the very right to sue evaporates after the expiration of the stated time.  We read this waiver of sovereign immunity narrowly."), citing Carr v. Veterans Administration, 522 F.2d 1355, 1357 (5th Cir. 1976).

Since "knowledge of the fact of injury is the focal point," under the FTCA, Plaintiff's cause of action for negligence accrued at the time of the automobile accident which occurred on April 13, 2002.  Hitchmon v. United States, 585 F.Supp. 256, 261 (S.D. Fla. 1984).  Clearly, Plaintiff's administrative complaint, which was not received by the defendant until sometime after April 13, 2005, was untimely and this Court lacks subject matter jurisdiction.  Plaintiff's state law claims of negligence brought pursuant to the FTCA are therefore due to be and should be dismissed.

    *3.*    *This Court lacks jurisdiction over Plaintiff's state law claims of negligence because the FTCA, more specifically 28 U.S.C. § 2675(d)(5),*

> ***requires claims to be presented to the appropriate Federal agency within 60 days after dismissal of the civil action.***

Under 28 U.S.C. § 2675(d)(5) "[w]henever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if:

(A)  the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B)  the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

The docket sheet for the previous lawsuit shows that the action was dismissed without prejudice on November 12, 2003.[12]  The Plaintiff therefore had until January 11, 2004, to present her administrative claim to the Department of the Army.

The Plaintiff's counsel has asserted that he did not forward the required claim form to the Plaintiff until January 21, 2004, 10 days beyond the time frame allowed under 2679(d)(5).[13]  As the form was not forwarded to the Plaintiff until after the expiration of the time in which she had to present her administrative complaint, it was not received, if at all, by the Department of the Army until well past the 60 day deadline.  The Plaintiff's claims are therefore untimely and the instant action is due to be and should be dismissed.

---

[12]  Civil Docket for Case # 3:03-cv-00959-DRB, entry # 10.

[13]  Complaint, p.2.

### *III.   CONCLUSION*

Given the undisputed fact that the Plaintiff did not file her administrative claim within 60 days of the dismissal of the case in Civil Action # 3:03-cv-00959-DRB, her claim was not timely presented to the Department of the Army.  Her claim having not been timely presented to the Department of the Army, this Court lacks subject matter jurisdiction and this case is due to be and should be dismissed with prejudice with the costs of the proceedings taxed to the Plaintiff.

Respectfully submitted this 22nd day of July, 2005.

                              Leura G. Canary
                              United States Attorney

By:   s/R. Randolph Neeley
        R. RANDOLPH NEELEY
        Assistant United States Attorney
        Bar Number: 9083-E56R
        Attorney for Defendant
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to Plaintiff's attorney, Richard F. Horsley, Esq.

                              s/R. Randolph Neeley
                              Assistant United States Attorney