EXHIBIT A

VICKY JONES, )
)
    Plaintiff, )
)
v. )
)
UNITED STATES OF AMERICA et al, )
)
    Defendant. )

## APPEAL OF CLAIM DENIAL

To:    Commander, U.S. Army Claims Service
        Fort George G. Meade, MD 20755-5360

    COMES NOW the Plaintiff, Vicky Jones, through counsel, and appeals the adverse decision made by the United States of America, Department of the Army, on November 8, 2004. As grounds, Plaintiff shows as follows:

1. Plaintiff, Vicky Jones, filed suit in the Circuit Court of Lee County, against James Funk, on July 25, 2003. (See exhibit A). The Lawsuit arose from a car accident which occurred on April 13, 2003, in which Vicky Jones received personal injuries.

2. On the 17th day of September 2003, the Department of the Army filed a Notice of Removal to the United States District Court for the Middle District of Alabama, Eastern Division. (See Exhibit B).

3. Simultaneously, the Department of the Army filed a Notice of Substitution, naming the United States of America as the proper party Defendant due to the fact that the Defendant, James Funk, was working in the line of scope of his employment with the United States Army at the time of this accident. (See Exhibit C).

4. Simultaneously, the United States of America filed a Motion to Dismiss the claims. (See Exhibit D).

5. After a discussion with Assistant United States Attorney, R. Randolph Neeley, Plaintiff's counsel filed Plaintiff's consent to the Defendant's Motion to Dismiss (Without Prejudice). This was filed on November 7, 2003. (See Exhibit E).

6. After Plaintiff's counsel consented to the Dismissal Without Prejudice, Pamela G. Patterson, with the office of Staff Judge Advocate contacted Plaintiff's counsel concerning the administrative process to follow. Subsequent to that telephone conversation, she forwarded to Plaintiff's counsel a claim for damage, injury, or death, to be completed and returned to her at the office of the Staff Judge Advocate in Fort

    Benning Georgia. Plaintiff's counsel received the form and sent it to the Plaintiff, Vicky Jones, on January 21, 2004 with instructions to sign it and return it to Plaintiff's counsel immediately. (See Exhibit F).

7. Plaintiff's counsel forwarded the form to Mrs. Patterson immediately upon receiving it from Vicky Jones. Unfortunately, the cover letter accompanying the form was not preserved on computer or hard copy. However, despite the nonexistence of a cover letter, Plaintiff's counsel is not in possession of an original completed form which clearly indicates that the original form was sent.

8. On August 19, 2004, Plaintiff's counsel sent a letter to Mrs. Patterson asking for the status of the claim. In that letter, Plaintiff's counsel specifically states that the form was sent in January 2004. (See Exhibit G).

9. In response, Mrs. Patterson called Plaintiff's counsel's assistant to advise that she did not have the form and also that Lee County was no longer her jurisdiction and that anything from Plaintiff now on needed to be sent to Judge Advocate in Fort Rucker. (See Exhibit H).

10. Then, Plaintiff sent a series of letters to the commander headquarters in Fort Rucker, Alabama trying to explain what had occurred. Specifically, in a letter dated October 6, 2004, Plaintiff's counsel explains that the format cover letter was used by counsel's assistant to send the letter dated August 19, 2004, and the body of the cover letter itself was not preserved. (See Exhibit I).

11. In response, Plaintiff's counsel received the November 8, 2004 denial letter stating that Plaintiff's claim had not been filed within the two year statute of limitations. (See Exhibit J).

12. Based upon these documents, it is clear that Plaintiff's counsel sent the completed form to Vicky Jones on January 21, 2004, with directions to sign it and return it immediately. It is inconceivable to think that Plaintiff's counsel received the form shortly thereafter and simply did not send it in to be filed or did not send it in until approximately two and a half months later. It is further inconceivable that Vicky Jones failed to follow counsel's instructions to sign the documents and return it immediately. In fact, the document was signed and obviously returned, and obviously sent since Plaintiff's counsel is not in possession of the original. The address on the form was the address provided to the Plaintiff's counsel by Mrs. Patterson that is the only place the form would have been sent. Mrs. Patterson, as shown in the memo from Plaintiff's counsel's assistant, states that she no longer handles Lee County and that forms needed to be sent to Fort Rucker. Based upon the memorandum from Plaintiff's counsel's assistant, it is much more conceivable that the form was sent to Mrs. Patterson at the address she provided, but was lost or misplaced during her transition from the Lee County area.

      WHEREFORE, Plaintiff, through counsel, respectfully request a reversal of the November 8, 2004 denial of Plaintiff's claim.

_Richard F. Horsley_

**OF COUNSEL:**

**GOOZÉE, KING & HORSLEY, LLP**
**Shades Brook Building, Suite 200**
**3300 Cahaba Road**
**Birmingham, Alabama 35223**
**(205) 871-1310**