IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VICKY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05cv420-F |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

## ORDER

### I. INTRODUCTION

This case is an appeal of a denial of an administrative claim filed with the Army pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2401. This cause is before the court on Defendant's Motion to Dismiss, Or In The Alternative, For Summary Judgment (Doc. # 6-1) filed on July 22, 2005.

The court has construed this motion as a motion for summary judgment in order to fully consider all exhibits submitted by the parties. See Fed. R. Civ. P. 12(b). After careful consideration of the briefs and evidentiary materials, the court concludes that the United States's motion for summary judgment is due to be denied.

### II. LEGAL STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

1

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1]

### III. FACTS

The facts taken in the light most favorable to the nonmovant are as follows:

On April 13, 2003, Vicky Jones was involved in a car accident with James Funk while he was working in the course and scope of his job as a member of the United States Army. Jones filed a lawsuit styled against Funk and other named and fictitious defendants in the Circuit Court of Lee County, Alabama, Case Number CV03-543 on July 25, 2003. Jones consented to have the case removed to federal court and to substitute the United States as defendant due to Funk's status as a member of the Army. *See Jones v. United States*, 3:03cv959-DRB (M.D. Ala. September 17, 2003). Shortly after the case was removed, Jones consented to dismiss the case in order to pursue an administrative remedy for her claim. *See Jones, 3:03cv959, Docs. # 8.* United States Magistrate Judge Delores R. Boyd dismissed the original federal case on November 12, 2003. *See Jones,*

---

[1]In *Celotex*, the court stated:
[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial . . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .
477 U.S. at 324.

*3:03cv959*, Docs. # 9-10.

In November 2003, Jones and her counsel spoke with Ms. Patterson from the Department of the Army, Office of the Staff Judge Advocate, who advised Jones of the administrative claims procedure she should use to seek relief for any damage due to the accident with Funk. Patterson forwarded claim forms to Jones's counsel, who sent them to Jones on January 21, 2004 with instructions to return them to counsel immediately. It is a matter of dispute when Jones's counsel received the forms and forwarded them to the Department of the Army. *See Pl. Resp. To Def. Mot. Summ. J.*, Exh. A, 2; Cf. *Def. Mot. Summ. J.*, Exh. 1. Jones suggests that they must have first been sent to the Department of the Army in January 2004. *Pl. Resp. To Def. Mot. Summ. J.*, Exh. A, 2.

On August 19, 2004, Jones's counsel wrote to Patterson to ask about the status of Jones's claim. *Id.* at 1. Neither Patterson nor anyone else at the Department of the Army had record of an administrative claim form filed by Jones. *Def. Mot. Summ. J.*, Exh. 1. Jones forwarded some additional information, and the Department of the Army considered Jones's claim complete on September 1, 2004.

The Department of the Army denied Jones's claim, finding it untimely. *Id.* The denial letter stated that Jones's accident had occurred on April 13, 2002 and the claim form had arrived in August 2004; therefore, her claim was barred by the two year statute of limitations under the FTCA since the administrative claim was filed about thirty months after the accident. *Id.* Jones, on the other hand, contends that the accident

3

occurred on April 13, 2003; therefore, no matter whether Jones filed the administrative claim form for the first time in August 2004, it still would have arrived less than two years after her cause of action accrued on April 13, 2003. *Pl. Resp. To Def. Mot. Summ. J.*, Exh. A, 2.

## IV. DISCUSSION

The United States asks this court to enter summary judgment in its favor under one of two theories: (1) Jones's claim was not timely filed within the two year statute of limitations required by the FTCA or (2) Jones's claim was not filed within sixty days after her federal court suit was dismissed, as allowed by 28 U.S.C. § 2679. For reasons to be discussed, the court concludes that there are disputed issues of material fact which require summary judgment to be denied in this case.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994) (citations omitted). "The FTCA is a specific, congressional exception to the general rule of sovereign immunity [that] allows a government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994). A claim filed under the FTCA is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Here, the Department of the Army directed Jones to file a claim to seek redress for the allegedly

tortious acts of James Funk under the FTCA.

Alternatively, claims that would otherwise be untimely under the FTCA may be considered timely if they meet the requirements of 28 U.S.C. § 2679, which provides that:

> (5) Whenever any action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such claim shall be deemed to be timely presented under section 2401(b) of this title if —
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5)(A-B).

While a party is not required to file within sixty days after her federal suit is dismissed, section 2679 provides a safe harbor to a plaintiff who files an administrative claim after the two year statute of limitations has run under the FTCA, but less than sixty days after the party's federal claim is dismissed. This protects a plaintiff who sues an individual instead of the United States, unaware that the individual was acting on behalf of the United States, and later learn of their mistake after the statute has run.[2] Such a plaintiff would not have filed the appropriate administrative claim, because he or she would not know that such an action was required.

The United States first argues that it is due summary judgment because Jones did

---

[2] See e.g. *Santiago Rosario v. Estado Libre Asociado de Puerto Rico*, 52 F. Supp. 2d 301, 304 (D. Puerto Rico 1999) (affirming that the FTCA "provides procedural protections for Plaintiffs who failed to first file an administrative claim with the appropriate agency.").

not file her claim within two years as required by the FTCA. This lawsuit represents an appeal of the Department of the Army's administrative denial of Jones's claim on that basis. Both the date of the accident and the date that Jones filed a claim are necessary to determine whether Jones's claim met the standard two year statute of limitations under the FTCA. The parties dispute whether Jones first filed her administrative claim with the Department of the Army in January 2004 or August 2004. The court, however, notes that the date of the accident is also in dispute. Jones alleges that the accident took place on April 13, 2003, while the United States alleges it occurred on April 13, 2002.

If the accident occurred on April 13, 2003, as alleged by Jones, the claim is not time-barred whether Jones first filed her administrative claim in January 2004, nine months after the accident, or August 2004, sixteen months after the accident; in either case, her claim is timely filed because it was filed less than twenty four months after the cause of action accrued. If the accident occurred on April 13, 2002, as the Department of the Army contends, then the date her administrative claim was filed would be critical because her claim would be timely if filed in January 2004 at nineteen months, but untimely if filed in August or September of 2004 at about twenty eight months.

While each party proffers evidence that states an accident date, neither provides evidence to the court such as an accident report that conclusively establishes the date of the accident. Therefore, the court must take the facts in the light most favorable to the nonmovant and proceed under the theory that the accident occurred on April 13, 2003. In

that case, Jones's claim would be timely whether filed in January 2004 or August 2004. The court need not analyze when the administrative claim was first filed, since that date is insufficient to allow the court to determine whether Jones's claim was timely without also knowing the date that the original action occurred, and irrelevant if the accident occurred on April 13, 2003.

The United States also advances a second argument for summary judgment in its favor. It relies on 28 U.S.C. § 2679(d)(5)(A-B) to assert that Jones's claim is time-barred because she did not file it within sixty days after she dismissed her first federal lawsuit.[3]

While the parties dispute when Jones first filed her administrative claim, there is no dispute she filed it more than sixty days after she dismissed her original federal lawsuit. This court dismissed that action on November 12, 2003. Jones's lawyer says that he forwarded the administrative claims forms to Jones for her to fill out on January 21, 2004. Therefore, the forms were neither filled out nor returned by January 12, 2004, sixty days after the suit was dismissed.

As discussed above, however, while Jones's claim does not fall within section 2679's safe harbor, this does not mean that her claim is necessarily untimely. Instead, it reinforces that fact that Jones's only option is to show that she filed her claim in compliance with the standard two year statute of limitations under the FTCA. Section

---

[3] The United States refers sometimes to 28 U.S.C. § 2675 and other times to 28 U.S.C. § 2679. The fact that there are two citations appears to be a typographical error. Instead, the court believes that the United States may be referring at all times to 28 U.S.C. § 2679, which appears to have the characteristics described by the United States.

2679 does not set out a mandatory filing requirement; instead it offers an additional option for plaintiffs whose claims would otherwise be barred by the statute of limitations under the FTCA. Therefore, the fact that she does not meet the safe harbor provision under section 2679 is insufficient to allow this court to enter summary judgment in favor of the United States because her claim will be timely if she can show that she filed within the two year statute of limitations under the FTCA.

Taking the facts in the light most favorable to the nonmovant, there are issues of material fact in this case. Therefore, summary judgment is due to be denied.

## IV. CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is hereby ORDERED that the United States's motion for summary judgement is DENIED.

Done this 31st day of August, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE