IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| VICKY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 03: 05-cv-0420-F |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**EVIDENTIARY SUBMISSION AND MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S NOTICE OF SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION**

Comes now Defendant, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this evidentiary submission in support its Notice of Suggestion of Lack of Subject Matter Jurisdiction.

## I.  STATEMENT OF FACTS

**A)  Prior Proceedings in this Court, Civil Action # 3:03-cv-00959-DRB.**

Plaintiff originally filed a lawsuit arising from the automobile accident that is the subject of the instant action in the Circuit Court of Lee County, Alabama on July 25, 2003, naming James Funk and sixteen (16) other unidentified Defendants.  On September 17, 2003, Leura G. Canary, United States Attorney for the Middle District of Alabama certified pursuant to 28 U.S.C. § 2679, that Mr. Funk was acting within the line and scope of his employment as a member of the United States Army at the time of the events giving

rise to the cause of action against him. In accord with 28 U.S.C. § 1442(a)(2), the United States filed for removal of this action from the Circuit Court of Lee County, Alabama, to the District Court of the United States for the Middle District of Alabama.[1] Once removed the United States, pursuant to 28 U.S.C. § 2679, filed its Notice of Substitution in this Court. Therein, the United States substituted itself for the named Defendant, Mr. James Funk and the matter was docketed in this Court under # 3:03-cv-00959-DRB.[2]

The Defendant filed a Motion to Dismiss on October 17, 2003,[3] asserting the Court lacked subject matter jurisdiction due to the Plaintiff's failure to exhaust her administrative remedies prior to filing suit. The Plaintiff consented to the entry of dismissal without prejudice on November 7, 2003.[4] The case was dismissed without prejudice on November 12, 2003.[5]

**B)  Proceedings Following Dismissal of Civil Action # 3:03-cv-00959-DRB.**

Following the dismissal of the complaint in Civil Action # 3:03-cv-00959-DRB, a representative of the defendant, Ms. Pamela Patterson, contacted Plaintiff's counsel to advise him of the particulars of the administrative process.[6] Thereafter, Plaintiff's

---

[1] Civil Docket for Case # 3:03-cv-00959-DRB, entry # 1.

[2] Civil Docket for Case # 3:03-cv-00959-DRB, entry # 2.

[3] Civil Docket for Case # 3:03-cv-00959-DRB, entry # 5.

[4] Civil Docket for Case # 3:03-cv-00959-DRB, entry # 8.

[5] Civil Docket for Case # 3:03-cv-00959-DRB, entries ## 9 & 10.

[6] Complaint, p. 2.

counsel received the necessary forms from the Department of the Army.[7] Counsel for Plaintiff forwarded the forms to the Plaintiff on January 21, 2004.[8]

Counsel for the Plaintiff avers that he received the completed form from the Plaintiff and forwarded same to the Department of the Army.[9] The Defendant asserts that it did not receive a completed claims form until September 1, 2004. The Department of the Army therefore denied the Plaintiff's claim as it was not timely filed within 2 years following the accrual of the cause of action.[10]

**C)   Additional Facts Necessary to the Determination of the Court's Subject Matter Jurisdiction over this Controversy.**

Since the entry of the Court's Order denying the defendant's original Motion to Dismiss, or in the Alternative, for Summary Judgment, the parties have entered a joint stipulation that the facts giving rise to this lawsuit transpired on April 13, 2002.[11] Furthermore, the appropriate officials with the Department of the Army did not receive an

---

[7]   Id.

[8]   Id.

[9]   Id.

[10]   Defendant's Exhibit 1 (DEX 1), letter dated November 8, 2004, from Randy T. Kirkvold, to Richard F. Horsley, RE: Federal Tort Claim - Jones, Vicky (05-241-T001).

[11]   Defendant's Exhibit 5 (DEX 5), Joint Stipulation of Material Fact, dated September 15, 2005.

administrative claim from the Plaintiff within two (2) years of the accrual of her cause of action.[12]

## II. ARGUMENTS AND CITATIONS OF AUTHORITY

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.[13]**

*1.   The United States is immune from suit except as it has consented to be sued.*

The United States, as sovereign, is immune from suit except as it consents to be sued. The terms of its consent define the parameters of a federal court's jurisdiction to entertain suits brought against it. FDIC v. Meyer, 510 U.S. 471 (1994); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984); United States v. Mitchell, 463 U.S. 206, 212 (1983); United States v. Kubrick, 444 U.S. 111, 117-118 (1979); Dalehite v. United States, 346 U.S. 15, 17 (1953). A waiver of sovereign immunity cannot be implied, but must be construed strictly in favor of the government and not enlarged beyond the statutory language authorizing it. Sovereign immunity not only protects the United States from liability, it deprives the court of subject matter jurisdiction over the claims against it. Mitchell, 463 U.S. at 212;

---

[12]   Defendant's Exhibit 2 (DEX 2), declaration of Pamela G. Patterson, Defendant's Exhibit 3 (DEX 3), declaration of Sabrae N. Bell, and Defendant's Exhibit 4 (DEX 4), declaration of Cherisse Johnson.

[13]   To the degree the Plaintiff's Complaint may be attempting to recover damages for the Department of the Army's denial of her administrative complaint, said claim, if actionable, is subject to dismissal for failure to state a claim if the Court determines that Plaintiff failed to timely file her administrative complaint.

Molinar v. United States, 515 F.2d 246 (5th Cir. 1976).

> **2.  This Court lacks jurisdiction over Plaintiff's claims because 28 U.S.C. § 2401, requires administrative claims to be received by the appropriate Federal agency within 2 years after the claim accrues.**

"'The FTCA is a specific, congressional exception to the general rule of sovereign immunity [that] allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1236 (11th Cir. 2002), *quoting*, Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir.1994).  Title 28, United States Code, § 2401(b) states, however, that a claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ."  The limitations period of § 2401(b) represents "the balance struck by Congress in the context of tort claims against the Government," which courts "are not free to construe . . . so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." Phillips v. U.S., 260 F.3d 1316, 1318 (11th Cir. 2001), *quoting*, United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  Therefore, in construing the FTCA's statute of limitations, courts "should not take it upon [them]selves to extend the waiver beyond that which Congress intended." Id.  The failure to timely initiate action under the FTCA as required by 28 U.S.C. §2401(b) is a jurisdictional defect not subject to waiver.  Maahs v. United States, 840 F.2d 863, 866 (11th Cir. 1988) ("under the FTCA the very right to sue evaporates after the expiration of the stated time.)

"For purposes of the provisions of 28 U.S.C. § 2401(b) and 2672, a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." Burgess v. U.S., 744 F.2d 771, 773 (11th Cir. 1984) (emphasis in original); Kokotis v. U.S. Postal Service, 223 F.3d 275, 278 (4th Cir. 2000) ("The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 [or other written notification of an incident]"); Johnson v. Smithsonian Inst., 189 F.3d 180, 190 (2nd Cir. 1999).

Since "knowledge of the fact of injury is the focal point," under the FTCA, Plaintiff's cause of action for negligence accrued at the time of the automobile accident which occurred on April 13, 2002. Hitchmon v. United States, 585 F.Supp. 256, 261 (S.D. Fla. 1984). Thus, to be timely, the Plaintiff's administrative complaint had to be received by the defendant no later than April, 13, 2004. Clearly, Plaintiff's administrative complaint, which was not received by the defendant until at least August 2004, was untimely.[14] Consequently, this Court lacks subject matter jurisdiction and the Plaintiff's

---

[14]     DEX 2, DEX 3, DEX 4.

state law claims of negligence brought pursuant to the FTCA are due to be and should be dismissed.[15]

Respectfully submitted this 15th day of September, 2005.

                          LEURA G. CANARY
                          United States Attorney

By:   s/R. Randolph Neeley
       R. RANDOLPH NEELEY
       Assistant United States Attorney
       Bar Number: 9083-E56R
       Attorney for Defendant
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418

---

[15] This motion constitutes a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1260-1261 (11th Cir. 1997), *quoting*, Lawrence v. Dunbar, 919 F.2d 1525, 1528-29,(11th Cir.1990).  Since the "facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action,. . . , no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id., *citing*, Lawrence, 919 F.2d at 1529, *in turn quoting*, Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to Plaintiff's attorney, Richard F. Horsley, Esq.

                                            s/R. Randolph Neeley
                                            Assistant United States Attorney