# Attachment 2

# Attachment 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VICKY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 03:05-CV-420 |
| ) | |
| JAMES FUNK, an individual, and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

### UNSWORN DECLARATION OF PAMELA G. PATTERSON

In accordance with 28 U.S.C. 1746, I make the following unsworn declaration pertaining to non-receipt from plaintiff's attorney of a claim for damages within the two-year statute of limitations:

1. I am an employee of the Staff Judge Advocate's Office, (JAG) Fort Benning, Georgia. My duties include investigating claims filed against the United States Government. In this capacity, I receive all Standard Form 95s (SF 95) Claim for Damage, Injury, or Death, whenever personal injury is alleged in the claim. I open a claim file. I log the data on the computer. I review the claim. I acknowledge receipt of the claim. And, I investigate the claim.

2. During August 2004, I received from plaintiff's attorney a **copy** of an invalid SF 95 with a cover letter dated August 19, 2004, and signed by Richard F. Horsley stating that he had forwarded a SF 95 to my office in January 2004.

3. I did not receive a SF 95 from plaintiff's attorney in January 2004, or any time thereafter within the two-year statute of limitations.



DEFENDANT'S EXHIBIT
CASE NO. 3:05-CV-420-F
EXHIBIT NO. 2

4. If I had received a SF 95 in January 2004 (as presented to me in Mr. Horsley's letter dated August 19, 2004), I would have made a made a potential file, returned a copy of the SF 95 to Plaintiff's attorney with a letter. In the letter I would have informed the plaintiff's attorney that the claim failed to allege a sum certain in damages and was invalid because block 12b stated "$50,000 (estimate)" and block 12d was not completed. I would have retained the original claim form. In the letter, I further would have advised the Plaintiff's attorney that since the claim was invalid the statute of limitations was not tolled.

5. SF 95s are received in this office by mail or by personal delivery. A courier delivers the incoming mail to our office each morning except for weekends, holidays, and training holidays.

6. When mail is received in this office, the mail is sorted by the Administrative Office, and placed in the respective boxes in the mailroom. If the mail is addressed to me, the mail is placed in my box (designated by my name). I retrieve my mail from the mailroom.

7. When I receive an SF 95, I date stamp the claim on the date of receipt, place my initials on the form, log the claim on the computer and make a file.

8. Within a day or two of receipt of the SF 95, I mail an acknowledgement letter to the claimant or his/her attorney acknowledging receipt of the claim, and advising the claimant about procedures followed with the filing of a Federal Tort Claim. As required by Army Regulation, if the dollar amount exceeds $50,000.00, I would provide a mirror file of all documents related to the claim to the United States Army Claims Service at Fort Meade, Maryland. If I had received a SF 95 in January 2004 (as presented to me in

Mr. Horsley's letter dated August 19, 2004), I would have notified the United States Army Claims Service of the defective claim because of the potential that the claim would exceed $50,000.00.

9. I have no record or recollection of receiving a SF 95 from plaintiff's attorney prior to the copy forwarded in August 2004.

10. I have served in my capacity as claims investigator since 1993, and I cannot recall ever having lost a SF 95 or anyone alleging that one was lost in the mail.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of September 2005.

*Pamela D. Patterson*
PAMELA G. PATTERSON
Paralegal Specialist